## TRACEY v. CREPIN *et al.*

No. 3073.   Opinion Filed January 13, 1914.

(138 Pac. 142.)

1. MORTGAGES—Foreclosure—Complaint. A complaint, which seeks only to foreclose a mortgage and does not seek a judgment upon the note against the maker, need not exhibit the note secured by the mortgage.

2. SAME—Cross-Bill—Subject-Matter. A cause of action set up in a cross-bill must be germane to the original controversy; and where a defendant seeks to set up new and distinct matter, not maintainable under the provisions of the Code as a counterclaim, unless such matter is involved in a proper determination of the subject-matter of the original suit, a defendant will be required to litigate it in a separate action.

3. SAME. In an action by a mortgagee to foreclose a mortgage upon real estate, the grantee of the mortgagor under a warranty deed sought by cross-petition to recover damages against the mortgagor (the grantor in the warranty deed) for breaches of the covenants in the warranty deed. Held, that the matter set up in the cross-petition is not involved in a proper determination of the cause of action set up in the original petition, and the trial court committed no error in striking out such cross-petition.

(Syllabus by the Court.)

*Error from District Court, Noble County;*
*W. M. Bowles, Judge.*

Action by Kate Crepin and another against Nettie B. Tracey. Judgment for plaintiffs, and defendant brings error. Affirmed.

*B. T. Hainer, H. B. Martin, Chas. E. Bush,* and *Jno. Y. Murry, Jr.,* for plaintiff in error.

*H. A. Johnson,* for defendants in error.

HAYES, C. J. Defendant in error, Kate Crepin, brought this action in the court below against plaintiff in error and defendant in error H. A. Johnson to foreclose a certain real estate mortgage. She alleges in her petition the execution of a certain mortgage to her upon certain real estate by defendant in error H. A. Johnson to secure the payment of an indebtedness in

the sum of $500 to defendant in error Kate Crepin, with interest thereon at the rate of 7 per cent. per annum from date. She alleges the maturity of the indebtedness and that there is now a balance due to her on same in the sum of $600. She further alleges that the mortgage had been duly recorded, and that plaintiff in error, subsequent to the execution, delivery, and recording of said mortgage, claims to have purchased the mortgaged premises from H. A. Johnson; and that she now claims some title and interest therein, inferior and subsequent to the lien created by the mortgage sought to be foreclosed. She thereupon prays for foreclosure of the mortgage. A copy of the mortgage was attached to the petition in the court below as an exhibit. Plaintiff in error, hereinafter referred to as defendant, filed her motion to require defendant in error Kate Crepin, hereinafter referred to as plaintiff, to set out or attach as an exhibit the note described in the mortgage to secure the payment of which the mortgage had been executed. The overruling of this motion constitutes the first assignment of error urged for reversal of the cause.

By one of the provisions of the Code of this state, it is required that if an action, counterclaim, or set-off be founded on account, note, bill, or other written instrument as evidence of indebtedness, a copy thereof must be attached to and filed with the pleading; and, if not so attached and filed, the reason therefor must be stated in the pleading. But plaintiff in this action does not seek a judgment upon the note; she asks for no personal judgment against the maker thereof, but seeks only a judgment decreeing a foreclosure of her lien upon the mortgaged premises. The written instrument upon which this action is based is the mortgage. It is the foundation and basis of the action. It is true that the mortgage is without any force, if there is no debt which it purports to secure; and the note is the evidence of such indebtedness. But the purpose of this action is not to convert the note into a personal judgment against its maker, but to secure only a decree of foreclosure of the mortgage; and the action is, we think, not founded upon the note, in the sense contemplated by the foregoing statute, which requires

that a copy of the instrument must be attached to and filed with the pleading. *Sperry et al. v. Dickinson et al.*, 82 Ind. 132; *Shin v. Bosart*, 72 Ind. 105; 27 Cyc. 1593.

Defendant in her answer denied all the allegations of plaintiff's petition, including the allegation of the execution and delivery of the mortgage. She also, by way of cross-petition, alleged that she had bought the property covered by the mortgage from her codefendant, H. A. Johnson, who conveyed the same to her by warranty deed, warranting the title to her clear and free of all liens and incumbrances. She alleges some other matters in her cross-petition which are irrelevant and need not be considered here. She alleges that the covenant of warranty contained in her said deed from her codefendant, Johnson, had been broken by the assertion of the mortgage declared upon in plaintiff's petition, to her damage in the sum for which said mortgage is sought to be foreclosed; and she thereupon prays that she have and recover from her codefendant, H. A. Johnson, the sum of $605, with interest thereon from the date of the commencement of the action, or for whatever lien may be adjudged and decreed against her property in this action. Her codefendant, H. A. Johnson, moved to strike out the cross-petition, upon the ground that it was not germane to the issues involved in the cause of action set up in plaintiff's petition, and plaintiff demurred to said cross-petition upon the same ground. The motion to strike the cross-petition and the demurrer thereto were both sustained. This action of the court is complained of in one of the assignments. Under the provisions of the Code, a defendant may in his answer state any new matter constituting a defense, counterclaim, set-off, or a right to relief concerning the subject of the action. Section 4745, Rev. Laws 1910. But "the right to relief concerning the subject of the action * * * must be a right to relief necessarily or properly involved in the action for a complete determination thereof, or settlement of the question involved therein. Provided, that either party can plead and prove a set-off or counterclaim of the proper nature, in defense of the liability sought to be enforced by the other party, and it shall not be necessary that such set-off shall exist as between

all parties plaintiff and defendant in such suit, but any party may enforce his set-off or counterclaim against the liability sought to be enforced against him." Section 4746, Rev. Laws 1910.

Under the chancery practice, where the purpose of the cross-bill is merely to set up a defense, it is not required to be based upon equitable grounds, nor to seek equitable relief. Story's Eq. Plead. sec. 628; *Nelson v. Dunn,* 15 Ala. 501. But when the purpose of the cross-bill seeks to do more than set up a defense and seeks affirmative relief, under the chancery practice its scope must be limited to matters cognizable in a court of equity. *Trapnell v. Hill,* 31 Ark. 345; *Jackson v. Simmons,* 39 C. C. A. 514, 98 Fed. 768; *Beal v. Smithpeter,* 65 Tenn. (6 Baxt.) 356.

Assuming without deciding that under the liberal provisions of the Code new matters cognizable only at law and in respect to which the law furnishes an adequate and complete remedy may be introduced by cross-bill, it is clear that, by the statute quoted above, the cause of action set up in the cross-bill must be germane to the original controversy; and where a defendant seeks to set up new and distinct matter, not maintainable under the provisions of the Code as a counterclaim, unless such matter is involved in a proper determination of the subject-matter of the original suit, the defendant will be required to litigate it in a separate action. 5 Ency. of Pl. & Prac. 678. A complete disposition of plaintiff's cause of action in the instant case may be had without any consideration of the subject-matter of the cross-bill. The breach by the mortgagor of the warranty contained in the conveyance to the grantee constitutes no defense to the plaintiff's (mortgagee's) cause of action. It arises wholly upon a separate and independent contract, to wit, upon the covenants in the warranty deed. The subject-matter of the original bill is the determination of the existence of plaintiff's mortgage and the lien created thereby, of the amount of indebtedness secured by said lien, and the subjection of the mortgaged property to the payment of same. It is true that the subject-matter of the cross-bill relates remotely to the subject-matter of the original bill, in that the covenants of warranty relate to the title of the land covered by the mortgage, and the violation of said covenants

results from the lien of plaintiff's mortgage; but the determination of the matters set up in the cross-bill is not necessary to a complete adjudication of the subject-matter of the original bill, and can and should be litigated in a separate action.

It is also insisted that, because plaintiff does not seek a personal judgment upon the note, he cannot foreclose the lien of his mortgage; but this contention cannot be sustained. It was not necessary that plaintiff make the mortgagor, who had conveyed away all his interest in the mortgaged premises subsequent to the execution of the mortgage, a party to the foreclosure proceeding. He could have proceeded against the grantee alone for a decree foreclosing the lien and directing a sale of the mortgaged premises in satisfaction of the amount due. *Jones et al. v. Lapham,* 15 Kan. 540; *Knetzer v. Bradstreet,* 1 G. Greene (Iowa) 382; 9 Ency. of Pl. & Pr. 128.

The judgment of the trial court is affirmed.

All the Justices concur.