## PATTERSON v. CENTRAL STATE BANK et al.

No. 9449—Opinion Filed April 8, 1919.

Rehearing Denied July 15, 1919.

(Syllabus by the Court.)

1. **Pleading—Cross-Bill—Relation to Original Controversy—Necessity.**

A cause of action set up in a cross-bill against a party who has been made a codefendant on motion of the original defendant must be germane to the original controversy. and, where the defendant seeks to litigate a new and distinct controversy between himself and a co-defendant in said cross-bill, the same is not maintainable under the provisions of the Code as a counterclaim or cross-bill; the defendant will be required to litigate said counterclaim or cross-bill against his codefendants in a separate action.

2. **Same — Subject-Matter — Dismissal of Cross-Bill.**

In an action upon a promissory note brought by plaintiff against defendant, where the defendant has additional parties made codefendants, and then attempts to litigate by cross-bill a controversy between himself and codefendants not germane to the subject-matter involved in the original suit, it is not error for the court to dismiss the cross-bill.

Hardy, C. J., and Kane, J., dissenting.

Error from District Court, Woods County; W. C. Crow, Judge.

Action by the Second National Bank of New Hampton, Iowa, against J. E. Patterson, in which the court at defendant's instance made the Alva Security Bank and the Central State Bank of Alva parties defendant, and in which defendant filed an amended answer and cross-petition against such parties. Judgment for plaintiff, the Second National Bank of New Hampton, Iowa, against defendant Patterson, and, from an order dismissing his amended answer and cross-petition against the Security State Bank, he brings error. Affirmed.

C. H. Mauntel, J. W. Barry, and S. C. Bloss, for plaintiff in error.

S. P. Freeling, Atty. Gen., William H. Zwick, Asst. Atty. Gen., and Arthur G. Sutton, for defendants in error.

McNEILL, J. This action was commenced in the district court of Woods county by the Second National Bank of New Hampton, Iowa, against J. E. Patterson to collect the amount due on a promissory note dated March 30, 1912, and executed by J. E. Patterson to the Alva Security Bank of Alva, Okla., said note before maturity having been transferred to the Second National Bank of New Hampton, Iowa, without recourse, and indorsed by M. M. Fulkerson, who guaranteed the payment of the same. J. E. Patterson filed his answer, alleging: That he had deposited certain money in the Alva Security Bank for the purpose of applying it on the payment of said note, and in fact that said note was fully paid, having been paid to the Alva Security Bank, the agent for the plaintiff; but if the funds had not been applied to the payment of said note, that the same were in the Alva Security Bank or its successor, the Central State Bank of Alva; and prayed that the Alva Security Bank and the Central State Bank be made parties defendant in said

action. Thereafter, on the 11th day of February, 1914, the court made an order making the Alva Security Bank and the Central State Bank of Alva parties defendant. Thereupon, on the same day, the said J. E. Patterson filed an amended answer and cross-petition against the Alva Security Bank and the Central State Bank, alleging that he had deposited over $8,000 in the Alva Security Bank which he ordered and directed the bank to pay on the note in question, and that it was agreed that said amount should be paid and applied on said note; alleging, also, that the Alva Security Bank had failed on or about the 9th day of August, 1913, and that its assets were taken over by the Bank Commissioner of the State of Oklahoma, and thereafter the Central State Bank of Alva was organized, and the funds were taken over by the Central State Bank of Alva; and asked that judgment be rendered against the Alva Security Bank of Alva and the Central State Bank of Alva for whatever judgment was rendered against him and in favor of the Second National Bank of New Hampton, Iowa.

Thereafter, on March 19, 1914, the Central State Bank filed a motion to dismiss the cross-bill against the defendant Central State Bank for the reason that there was a misjoinder of parties defendant, and that the cross-petition shows upon its face the Central State Bank was not a necessary party, but an improper party, and for the further reason that the matters set forth in the amended answer and cross-petition were not germane to the issues or cause of action in plaintiff's petition against the defendant J. E. Patterson. While said motion was pending, and on October 7, 1914, judgment was rendered in favor of the plaintiff, the Second National Bank of New Hampton, Iowa, and against the defendant Patterson for the full amount of the note sued upon. On February 10, 1916, or more than one year after judgment was rendered against the defendant Patterson, the court overruled the motion of the Central State Bank to dismiss as to it, and the Central State Bank filed a demurrer to said amended answer and cross-petition, which was also by the court on the same day overruled. On August 29, 1916, the Central State Bank filed its answer, again challenging the jurisdiction of the court and asking that the case be dismissed for the reason that there was a misjoinder of parties defendant and the petition showed upon its face that the issues attempted to be litigated were not germane to the cause of action alleged in plaintiff's petition against the defendant J. E. Patterson. The Alva Security Bank appeared specially and filed its motion to dismiss for the same reasons as those

alleged in the motion of the Central State Bank of Alva. This motion does not appear to have been acted upon by the court.

The cause came on for trial on the 8th day of April, 1917, on the issues joined between J. E. Patterson and the Central State Bank of Alva, and the Central State Bank objected to the introduction of any evidence for the reason that the Central State Bank was improperly made a party defendant, that it was not a necessary party defendant to determine the full settlement of the issues and controversy between the Second National Bank of New Hampton, Iowa, and the defendant Patterson, and for the further reason that the issues attempted to be litigated by defendant Patterson as against the Central State Bank were not germane to the cause of action alleged in plaintiff's petition. The court, on the 3d day of May, sustained said objection, dismissing the cross-petition.

From said order dismissing the amended answer and cross-petition of J. E. Patterson against the Central State Bank, J. E. Patterson has appealed to this court.

The first question to determine is: Were the Central State Bank of Alva and the Alva Security Bank of Alva proper and necessary parties defendant as between the Second National Bank and J. E. Patterson?

This court, in passing on a case similar to the one at bar, in the case of Tracey v. Crepin, 40 Okla. 297, 138 Pac. 142, said:

"A cause of action set up in a cross-bill must be germane to the original controversy; and where a defendant seeks to set up new and distinct matter, not maintainable under the provisions of the Code as counterclaim, unless such matter is involved in a proper determination of the subject-matter of the original suit, a defendant will be required to litigate it in a separate action."

And again the court said:

"In an action by a mortgagee to foreclose a mortgage upon real estate, the grantee of the mortgagor under a warranty deed sought by cross-petition to recover damages against the mortgagor (the grantor in the warranty deed) for breaches of the covenants in the warranty deed. Held, that the matter set up in the cross-petition is not involved in a proper determination of the cause of action set up in the original petition, and the trial court committed no error in striking out such cross-petition."

This court again in the case of Grisso v. Crump, 61 Oklahoma, 160 Pac. 453, said:

"On motion by defendant to make additional party, held not error to overrule same where pleading does not show party necessary."

The allegations in the cross-petition of

Patterson, if taken as true, were not a defense to the action brought by the Second National Bank of New Hampton, Iowa; nor were the same germane to the issues raised, but raised a controversy solely between Patterson and the Central State Bank of Alva and the Alva Security Bank. Plaintiff in error makes the contention that the Second National Bank of New Hampton, Iowa, made no objection; but this cannot be the rule that governs. The defendants raised the objection, and in the case of Tracey v. Crepin, supra, a codefendant moved to dismiss the cross-petition for the reason the issues therein were not germane to the issues in the original action, and the court sustained the motion of the codefendant to dismiss.

The law provides how controversies shall be tried and determined, and a defendant has a right to insist that, if he is to be sued, said suit shall be brought in the manner provided by law, and where he has been made a codefendant in an action where the issues in the original suit are foreign to any issue between him and his codefendant, the court cannot, over his objection, require him to litigate a controversy between himself and codefendant, which controversy between himself and codefendant is not germane to the issues in the original action. This is what the plaintiff in error attempted to do in the case at bar, and while the court overruled a motion to dismiss, and overruled the demurrer, yet the defendant Central State Bank raised said question again in the answer and objected to the introduction of testimony upon said issues for the same reason. If the court committed error in the first instance, it was not obliged to again commit error upon the same question. The amended answer and cross-petition of the defendant Patterson against the codefendant was not germane to the issues sought to be litigated between the Second National Bank of New Hampton, Iowa, and the defendant Patterson. The record discloses this fact, for the reason the issues between the plaintiff and defendant Patterson had been fully settled and the controversy determined on its merits for more than a year prior to the time the issues were joined upon the cross-petition.

We therefore hold that the court did not commit error in so holding, and dismissing the cross-petition.

The judgment of the trial court is therefore affirmed.

All the Justices concur, except HARDY, C. J., and KANE, J., dissenting.