## HENDERSON v. PEBWORTH.

No. 10891—Opinion Filed March 27, 1923.

Rehearing Denied July 10, 1923.

(Syllabus.)

1. **Pleading—Counterclaim Against Codefendant—Separate Trial.**
In an action against two codefendants a

counterclaim of either codefendant against the other which is not germane to the issues in the original action between the plaintiff and codefendants, nor constitutes any defense to the cause of action of the plaintiff against the two defendants, or either of them, should not be tried in the trial of the issues between the plaintiff and the two codefendants, but should be tried in a separate trial.

**2. Appearance—General Appearance.**

Where a party to an action appears and pleads to the merits of the case by demurrer and by answer and participation in the trial of the case, such action constitutes a general appearance, which gives the court jurisdiction over the person thus appearing.

**3. Trial—Instructions—Refusal.**

Where the court in its instructions properly covers all the material issues presented in a case, it is not error to reject offered instructions which cover the same issues, nor error to reject instructions on issues not presented in the trial.

**4. Contracts—Breach of Agreement to Procure Insurance — Damages — Instructions.**

Instructions examined, and found to contain no error.

**5. Same—Judgment—Evidence.**

Record and evidence examined, and found sufficient to sustain the verdict and judgment.

Error from County Court, Pittsburg County; S. F. Brown, Judge.

Action by Hugh J. Pebworth against D. D. Henderson. From an adverse judgment, Henderson brings error. Affirmed.

Tom G. Haile and J. W. Clark, for plaintiff in error.

T. B. Latham and Hampton Tucker, for defendant in error.

HARRISON, J. The facts in this appeal are that defendant in error, Pebworth, purchased an automobile from plaintiff in error, Henderson, paying some cash, and executing his promissory note to Henderson in the sum of $625 for balance due. At the same time and place it was verbally agreed between the two parties that Pebworth should have his car insured for $850, the price of the car new. Henderson, the seller, suggested that he would procure the insurance for Pebworth, the buyer, so that in case of loss the insurance would protect both parties. He also computed the amount of premium, which was $17, whereupon Pebworth paid the $17 premium on an $850 policy to Henderson and signed a written application for such insurance and left it with Henderson, Henderson promising to take the premium and the signed application and procure the insurance. Henderson was to hold the policy and title to the car until the note for balance due was paid. Henderson failed to procure the insurance, and there was testimony in the record tending to show that he acknowledged that his failure to do so was due to his own carelessness; later, the automobile was totally destroyed by fire. Whereupon Pebworth sought information as to what had become of his insurance policy, and found that Henderson had never obtained the policy, but had appropriated the premium to his own use.

In the meantime the note which Pebworth had given to Henderson had been indorsed by Henderson to the City National Bank of McAlester, Okla., as collateral security on a note for $600, given to the bank by Henderson. Henderson not having paid his $600 note to the bank at maturity, the bank brought suit on same against both the maker and indorser of the collateral note, Pebworth and Henderson. Both parties appearing, after other preliminary proceedings, each filed his separate answer to the bank's cause of action. Henderson's separate answer consisted of a general denial; Pebworth's separate answer contained an allegation in the nature of a cross-petition against his codefendant, Henderson, for the $850 insurance policy which Henderson had failed to obtain for Pebworth, and prayed for judgment for the difference between the $625 note given to Henderson and the $850 insurance policy. The bank demurred to Pebworth's separate answer for the reason that it stated no defense to the bank's cause of action.

The court overruled the bank's demurrer to Pebworth's separate answer, and thereafter on the same day the codefendant, Henderson, filed a motion to make Pebworth's answer more definite and certain. The court sustained the motion to make Pebworth's separate answer more definite and certain, and Pebworth asked five days in which to amend, which request was by the court denied. This was on February 19th. The bank at this time renewed the demurrer to Pebworth's cross-petition, and the court sustained the demurrer, Pebworth excepted, and refused to plead further. After some further proceedings immaterial to the questions raised herein, the court proceeded to render judgment in favor of the bank against the codefendants, Pebworth and Henderson, both defendants

acknowledging that the note had come into the hands of the bank in due course and for a valuable consideration, and neither of the defendants complaining of the judgment in favor of the bank; hence at this point the bank dropped out of the case.

Defendant Pebworth upon application was granted leave to amend his cross-petition against codefendant, and filed an amended cross-petition on the next day, February 20th, stating all the facts as to the agreement between himself and Henderson, viz., that Henderson should procure the policy of insurance and of his paying the premium to Henderson, and of Henderson's failure to procure the insurance and to return the premium, $17, and praying for judgment against Henderson for $850.

Thereafter, and after further proceedings immaterial to the questions now presented, and after Henderson had filed his answer to the amended cross-petition, a jury was impaneled and in a distinctly separate trial to that between the two defendants and the bank the issues raised by the amended cross-petition of Pebworth and answer thereto of Henderson were tried, and a verdict and judgment rendered in favor of Pebworth for $850, from which judgment Henderson appeals to this court, upon specification of eleven errors; these, however, are grouped into four controlling issues, which we will notice in the order presented.

The first is that the court erred in holding that it had jurisdiction to hear and determine the issues presented between Pebworth and Henderson. The contention made in this regard is, in substance, that the counterclaim against Henderson was not germane to the original action between the bank and the two defendants, was not such a counterclaim as grew out of the cause of action between the bank and the two defendants, and that if a valid counterclaim at all, it was not such a one as the court had jurisdiction to try in connection with the case between the bank and the two defendants.

In support of this contention, plaintiff in error cites and relies upon Tracey v. Crepin et al., 40 Okla. 297, 138 Pac. 142, and Patterson v. Central State Bank et al., 75 Okla. 147, 182 Pac. 678, wherein this court, in an opinion by Mr. Justice McNeill, followed a rule laid down by the court in Tracey v. Crepin et al., supra, in an opinion by Mr. Chief Justice Hayes.

In Tracey v. Crepin et al., supra, the law announced by the court in par. 2 of the syllabus is as follows:

"A cause of action set up in a cross-bill must be germane to the original controversy; and where a defendant seeks to set up new and distinct matter, not maintainable under the provisions of the Code as a counterclaim, unless such matter is involved in a proper determination of the subject-matter of the original suit, a defendant will be required to litigate it in a separate action."

And in Patterson v. Central State Bank, supra, the law announced by the court in par. 1 of the syllabus is as follows:

"A cause of action set up in a cross-bill against a party who has been made a co-defendant on motion of the original defendant must be germane to the original controversy, and, where the defendant seeks to litigate a new and distinct controversy between himself and a codefendant in said cross-bill, the same is not maintainable under the provisions of the Code as a counterclaim or cross-bill; the defendant will be required to litigate said counterclaim or cross-bill against his codefendants in a separate action."

In Tracey v. Crepin et al., supra, the co-defendant moved to strike the cross-petition on the ground that it was not germane to the subject, and plaintiff demurred to same as constituting no defense against his claim. The trial court sustained the demurrer and the motion to strike the cross-petition on the ground that it was not germane to the subject. The trial court sustained the demurrer and the motion to strike, holding, in effect, that under the law the counterclaim should be tried in a separate action, and this court sustained the trial court in so holding.

In Patterson v. Central State Bank, supra, practically the same thing was done, and this court closed the opinion with the following words:

"We therefore hold that the court did not commit error in so holding, and dismissing the cross-petition"

—and affirmed the judgment of the trial court.

In effect the trial court did the same thing in the case at bar. Where he did not dismiss the amended cross-petition from the style of the case of the bank against the two defendants, yet he did not allow the cross-petition to enter into or constitute any part of the proceedings between the bank and the two codefendants, but rendered judgment in said cause the same as though such cross-petition did not exist, and thereafter granted a separate trial on the cross-petition in which both parties appeared. The codefendant, Henderson, filed

answer to the amended cross-petition of Pebworth, a jury was impaneled, both parties participated in the trial, and a verdict was rendered in said cause in favor of cross-petitioner, Pebworth, against his co-defendant in the original action, Henderson. But the two actions were separately tried. The court distinctly held on the demurrer of the plaintiff bank to the cross-petition that such cross-petition constituted no defense against the bank's cause of action, and was not considered by the court in rendering judgment in favor of the bank against the two defendants, nor was any issue between the bank and the two defendants considered by the court, or by the jury in the separate trial of issues raised between the two codefendants by the amended cross-petition and answer.

Inasmuch as Henderson appeared in the separate trial, filed his answer, went to trial, and submitted his defense to the cross-petition to the court and jury, the mere fact that it still bore the title of the original case would not subject Henderson, the plaintiff in error here, to any substantial injustice, and it is not shown wherein any substantial injustice was done him by such fact. The court seemed to have followed the rule laid down in Tracey v. Crepin et al., and Patterson v. Central State Bank, supra; the only difference being that it appears that the court allowed the trial under the same title as the original action, there having been no motion to strike.

It appearing that no substantial injustice was done by the mere fact of trying it under the style of the former case, we hold that such fact does not constitute reversible error.

It is further contended that under point two of the first proposition if the proceedings of Pebworth against Henderson on the cross-petition be tried as a separate and independent action, the court would be without jurisdiction, for the reason that the action would be in the wrong county; Henderson being a resident of Atoka county, and being served therein, that the venue of action would be in Atoka county, the residence of Henderson; but this contention is without merit, for the reason that Henderson appeared by demurrer and by answer and by participation in the trial of the case.

The second proposition as presented in plaintiff in error's issue No. 2, is that the amended cross-petition failed to state facts sufficient to constitute a cause of action.

We think that the court committed no error in overruling demurrer of Henderson to the amended cross-petition of Pebworth. The amended cross-petition alleges the purchase of an automobile from Henderson for the sum of $850, the giving of the note in part payment for the balance of the purchase price of the automobile, and sets out a copy of such note, and that at the same time and place he entered into a verbal agreement (which the record shows was at the suggestion of Henderson) that insurance be taken out, and further alleges (and the record shows) that Henderson agreed to take out the insurance policy, for the reason that it would be a protection to both parties; it alleges also that the sum of $17 was paid to Henderson as advance premium on the policy to be taken out by Henderson; that an application was signed for an insurance policy of $850, a copy of which application is attached to and made part of the amended cross-petition; that Henderson volunteered to take said application and said premium of $17 and procure an insurance policy; that defendant Henderson failed to take out or obtain such insurance as he undertook and agreed to do with defendant; that he kept and appropriated to his own use the advance premium money paid by defendant, Pebworth, and failed to inform him that he had not procured such insurance, and thereby led defendant, Pebworth, to believe that such insurance had been taken out, that defendant never knew but that such insurance had been taken out until after the automobile had been totally destroyed by fire; that Henderson was not restricted to any particular insurance company, but was authorized, under the agreement, to take out insurance with any good company, and such failure to take out insurance was due to the carelessness and negligence of defendant, Henderson, and that by reason of such carelessness and negligence in not taking out said policy, cross-petitioner was caused to lose $850, wherefore he prayed judgment for said sum.

We think the petition clearly states a cause of action and that the court committed no error in overruling a demurrer thereto.

The next proposition, issue No. 4, of plaintiff in error's brief is that the court erred in the admission of evidence over objections and exceptions of defendant. This proposition is urged upon the theory that all evidence with reference to a verbal agreement was erroneously admitted. This contention cannot be sustained. Hender-

son and Pebworth having entered into a verbal agreement to take out an insurance policy and agreeing that Henderson should procure such insurance, and his taking the premium and taking the written application for the insurance, and undertaking the duty of procuring such insurance, upon his failure to do any of the things he promised to do and upon Pebworth's sustaining a detriment by reason of Henderson's carelessness and negligence, oral testimony was admissible to prove the verbal contract, the breach of such contract, and the detriment sustained thereby.

The next proposition, issue No. 4, of plaintiff in error's brief is that the court erred in his instructions and in refusing to give requested instructions. From an examination of the record and the instructions given by the court to the jury, as well as those offered by the plaintiff in error, it is our opinion that the court sufficiently covered the issues involved in the case and the law governing such issues in his instructions to the jury. and properly instructed the jury on all of the material issues involved in the case. It is not error to reject instructions which cover issues already covered by the court, nor to reject instructions as to issues not involved in the case.

We see no error in the instructions given by the court nor in the refusal of the instructions offered by the plaintiff in error.

Finding no reversible error in the record, the judgment of the county court is affirmed.

JOHNSON, C. J., and KANE, KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.