## JOHNSON v. TAYLOR et al.

No. 17919.   Opinion Filed Feb. 14, 1928.

Rehearing Denied June 19, 1928.

(Syllabus.)

**Appeal and Error—Dismissal of Second Appeal Where Judgment Below Accords with Mandate.**

Where, upon examination of the record filed in this court, it appears that the judgment appealed from was rendered in accordance with the mandate of this court upon a prior appeal, the appeal will be dismissed.

Error from District Court, Noble County; Claude Duval, Judge.

Action by Nora B. Moore against Petty Johnson and J. M. Taylor. From the judgment of the trial court, Petty Johnson appeals. Dismissed.

W. M. Bowles and H. A. Johnson, for plaintiff in error.

Cress & Tebee, for defendants in error.

MASON, V. C. J. This is the second appeal in this cause, which was originally commenced by the defendant in error herein, Nora B. Moore, against the other parties herein, J. M. Taylor and Petty Johnson, to quiet title to certain real estate in Noble county. The defendant Taylor filed answer to the plaintiff's petition and filed cross-petition against his codefendant, Johnson. Johnson filed his demurrer to said cross-petition, which was overruled, after which he filed his answer and cross-petition.

The cause proceeded to trial upon the

issues thus formed, and findings of fact and conclusions of law were made and judgment rendered on all issues thus joined. The defendant Johnson appealed, and this court reversed the judgment of the trial court and remanded the case, with directions that the demurrer of Johnson to the cross-petition of Taylor be sustained, after which the mandate of this court was duly issued and spread of record in the trial court. See Johnson v. Moore et al., 113 Okla. 238, 241 Pac. 140.

Thereafter, the trial court, upon motion of the defendant Taylor, and in accordance with the mandate of this court, set aside the order of court overruling said demurrer. The court also struck the findings of fact and conclusions of law from the original judgment in so far as they pertained to the issues joined between the defendants. The original judgment in favor of the plaintiff against the defendants was permitted to stand. The trial court interpreted the opinion and mandate of this court to mean that no part of the alleged transaction between the defendants Taylor and Johnson was germane to the issues between the plaintiff, Moore, and the defendants. From such proceeding by the trial court, the defendant Johnson appeals.

Defendants in error have filed motion to dismiss said appeal upon several grounds.

We have examined the record in this cause, and find that the judgment appealed from is in substantial compliance with the mandate of this court and, therefore, deem it unnecessary to discuss the questions presented by said motion to dismiss.

In Kyle McClung v. Harris, 11 Okla. 64, 65 Pac. 941, this court announced the following rule:

"An appeal will not be entertained from a decree entered in the district court or other inferior court, in exact accordance with the mandate of this court, upon a prior appeal. If such an appeal is taken, this court will examine the decree entered and if it conforms to the mandate, dismiss the appeal with costs upon the application of the adverse party."

In Ward et al. v. Carter, 96 Okla. 183, 221 Pac. 48, we announced the rule as follows:

"Where a cause is reversed and remanded by the Supreme Court, with directions to proceed in accordance with the decision of the appellate court, and the court below proceeds in substantial compliance with such directions, its action will not be considered on a second appeal."

We, therefore, conclude that the instant case is governed by the rule above announced, and the appeal herein should be, and is dismissed.

HARRISON, PHELPS, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See 4 C. J. p. 1098, §3077.