## HARRILL v. LAMON.

No. 19076. Opinion Filed July 2, 1929.

Rehearing Denied Oct. 1, 1929.

Watts & Broaddus, for plaintiff in error.

E. L. Kirby and W. O. Rittenhouse, for defendant in error.

JEFFREY, C. This action was commenced in the district court of Wagoner County by the Oklahoma Farm Mortgage Company against T. C. Harrill and wife and W. A. Lamon and wife for judgment on three promissory notes and to foreclose a mortgage given to secure the payment of the notes. Lamon and wife filed an answer by which they generally denied the allegations of the petition, admitted the execution of the notes and mortgage, and also admitted a breach of the terms of the mortgage. By way of further answer and cross-petition, they alleged that the land involved was the joint property of Lamon and Harrill, each owning an undivided one-half interest, and that the same was subject to a first deed of trust executed by the two defendants to secure the payment of $15,000. Lamon further alleged that when the last interest payment on the deed of trust came due, Harrill refused to pay his one-half of the interest, and that Lamon, in order to protect the security, was compelled to pay the en-

tire interest in the sum of $1,065.75. Lamon then prayed that plaintiff take nothing by its suit, but in event the land was sold under foreclosure, and there remained any balance from the sale price after plaintiff's indebtedness was paid, that the sum of $532.87 be deducted from the proportionate interest of Harrill and wife and paid to Lamon. Harrill and wife filed a second amended answer and cross-petition. By the cross-petition it was alleged that Harrill and Lamon had been for a number of years engaged in the farming and real estate business as partners; that they as partners had purchased the land described in plaintiff's petition and other lands particularly described. It was then alleged that Harrill had advanced certain moneys with which to buy partnership land; that Lamon had collected rents and profits from the lands for several years; that Harrill had advanced Lamon for his private use certain sums of money and claimed judgment for $40,000 or more, for an accounting, the dissolution of the partnership, and for a partition of the partnership property. The State Life Insurance Company, holder of the first deed of trust on the land in question, filed another suit to foreclose its deed of trust, in which suit the rights of the Oklahoma Farm Mortgage Company under its second mortgage were determined, the mortgages foreclosed, and the property sold. The Oklahoma Farm Mortgage Company then filed a written dismissal in the first cause. Lamon dismissed his answer and cross-petition, and filed a demurrer to Harrill's second amended answer and cross-petition. The principal grounds of the demurrer were the misjoinder of several causes of action, and the fact that said causes of action were not germane to the original controversy. When the demurrer was presented for determination, counsel for Lamon requested the court to also treat his demurrer as a motion to strike, which was done. The trial court sustained the motion and struck Harrill's cross-petition for the reason that the matters set forth therein were not germane to the original controversy. From the order striking Harrill's cross-petition, he has appealed.

It is a general rule in this jurisdiction, as well as many others, that the matters set up in a cross-bill must be germane to the matters involved in the original bill or petition. And if matter so pleaded is not involved in a proper determination of the subject-matter of the original suit, a party so pleading it will be required to litigate such matter in a separate action. Tracey

v. Crepin, 40 Okla. 297, 138 Pac. 142; Johnson v. Cullinan, 94 Okla. 246, 221 Pac. 732; Patterson v. Central State Bank, 75 Okla. 147, 182 Pac. 678; Bryan v. Sullivan, 55 Okla. 109, 154 Pac. 1167; Johnson v. Moore, 113 Okla. 238, 241 Pac. 140; Whitehead v. Bunch et al., 134 Okla. 63, 272 Pac. 878; Buscher et al. v. Volz et al. (Ind. app.) 58 N. E. 269. In the case of Bryan et al. v. Sullivan, supra, this court quoted with approval from Bliss on Code Plead, sec. 132, as follows:

"It will not do to unite, in one pleading, a cause of action by or against two or more with a cause of action by or against a part only of the plaintiffs or defendants. The Codes are express that 'the causes of action' so united * * * must affect all the parties to the action. * * *"

The suit was commenced to recover on notes, and to foreclose a real estate mortgage. The matter of accounting between the two defendants, a dissolution of the partnership, and a partition of the partnership property was in no way involved in a proper determination of the subject-matter of the original suit, and could not properly be injected into the case.

Counsel for Harrill contends that the issue concerning the liabilities of the respective partners to each other and their respective rights in the partnership lands was brought into the case by Lamon, and that he should not be heard to object to the pleading after inviting it. It is not necessary to here determine whether Lamon's claim for a one-half of the interest paid by him in the event there was a surplus after paying plaintiff's claim, is germane to the original suit. He did not base his claim on a partnership relation. He merely pleaded that he and Harrill owned the land jointly; and that he was entitled to be reimbursed for one-half of the interest paid by him. This pleading was dismissed, and he should not be compelled to litigate a partnership controversy between himself and his codefendant in a suit in which he was made a defendant for the purpose of foreclosing a mortgage.

We are of the opinion that the trial court did not commit error in striking the second amended answer and cross-petition of defendant T. C. Harrill. The judgment of the trial court is affirmed.

BENNETT, HERR, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered.