**DOSAR et al. v. HUMMELL et al.**

No. 10991—Opinion Filed April 10, 1923.

(Syllabus.)

1. **Guardian and Ward—Sale of Ward's Realty—Grounds—Statutes.**

Sections 6542, 6553, and 6554, Rev. Laws 1910, set out the grounds for sale of real estate belonging to minors. The county court, exercising its probate jurisdiction, has authority to order the sale of minors' real estate, upon either or all of the said grounds.

2. **Same—Petition—Requisites.**

In order to give the county court jurisdiction to enter an order of sale of real estate belonging to a minor, a verified petition must be filed by the guardian, setting forth the condition of the estate, and pleading such facts as show or tend to show the necessity for the sale of the real estate on one or more of the grounds set out in the statute.

3. **Same—Jurisdiction of Court—Sufficiency of Averments.**

The jurisdiction of the court to order the sale of minor's real property depends upon the sufficiency of the averments of the petition, and not upon the truth of those averments.

4. **Same—Inconsistent Averments.**

In order to give the court jurisdiction, the allegations of the petition which are intended to show the necessity for the sale upon some one of the grounds set forth in the statute must be consistent. If one of the allegations tending to show the necessity for sale is negatived by another allegation which shows as a matter of law no necessity for the sale on the ground pleaded, its effect is to nullify the petition, and such a petition is insufficient to confer jurisdiction on the court to order the sale.

5. **Same—Jurisdiction to Sell Restricted Indian Land.**

In order to enter a valid order of sale, in addition to the other elements of jurisdiction, the county court must have the right or authority to order the sale of the particular property sought to be sold. Lands allotted to minor citizens of the Seminole Tribe of Indians being restricted by the allotment acts, the county courts had no power to order their sale on any grounds prior to the time the restriction removal act of May 27, 1908, became effective.

6. **Same—Invalidity of Deed.**

The act of congress of May 27, 1908, entitled, "An Act for the removal of restrictions from part of the lands of allottees of the five civilized tribes, and for other purposes," expressly provided in section 4 thereof that the lands from which restrictions were thereby removed should not be subject to any personal claim or demand arising prior to the removal of restrictions therefrom, and where F., as guardian of D., a minor citizen of the Seminole Tribe of Indians, of one-quarter blood, petitioned on March 10, 1908, the county court of Seminole county to sell said land for the purpose of paying an indebtedness contracted in December, 1907, and the county court on April 4, 1908, entered the order authorizing the guardian to sell said real estate, held: That the county court had no power to order the allotted lands of the said minor sold at that time for any purpose, and said order was void; and that the deed made in pursuance thereof conveyed no estate to the grantee therein named.

**7. Same—Reversal of Judgment.**

Record examined, and found not to sustain the judgment of the trial court. and same is reversed.

Error from District Court, Seminole County: John W. Willmott, Judge.

Action by Polly Dosar and others against O. M. Hummell and others to cancel deeds and quiet title. Judgment for defendants, and plaintiffs bring error. Reversed.

J. A. Patterson, for plaintiffs in error.

C. H. Shubert, for defendants in error.

BRANSON, J. By this appeal it is sought to reverse a judgment of the district court of Seminole county, Okla., based upon a petition filed in said court February 1, 1916, by Tucker Dosar, praying equitable relief for cancellation of a certain deed made on September 24, 1908, by Don R. Fraser, as the guardian of the plaintiff, to one P. W. Holden, on the N. W. ¼, S. W. ¼ of 29, and the S. E. ¼, S. W. ¼ of 19, 9 N., 7 E., I. M., Seminole county, Okla.

Tucker Dosar was a Seminole Indian citizen of one-fourth blood, and his name appeared opposite roll No. 970, showing his age as of December 1, 1899, to be 8 years. While this suit was pending, the said plaintiff departed this life, and the same was revived in the name of his heirs, Polly Dosar, Hazen Dosar, and Flora Dosar, and the same proceeded to final judgment in their names, and they are the plaintiffs in error herein. The said Tucker Dosar will be referred to herein as the allottee, the plaintiffs in error as the plaintiffs and the said P. W. Holden and his grantees, the defendants in error, as the defendants.

Don R. Fraser petitioned, and was appointed by the county court of Seminole county as guardian of the allottee. On March 10, 1908, he filed a petition in the county court of said county which had for its purpose the sale of the said described land. The material part of said petition to sell said land is as follows:

"Comes now Don R. Fraser, as the guardian of Tucker Dosar, who is now undergoing a two-year sentence for felony in the Oklahoma state prison, having been sent from the district court of Pottawatomie county, Oklahoma, in January, 1908, and shows to the court the condition of the estate of the above named ward, to wit: (describing the property, and the reason assigned for the sale is embodied in the following paragraph:)

"That it is necessary and expedient that the hereinafter described portion of said real estate should be sold for the following reasons, to wit: For the payment of his legitimate debts, he being now indebted for his attorneys' fees and expenses of his trial in the sum of about $300 and for the expenses of education and maintenance, and for the improvements of his homestead holdings in real estate."

Said petition was set for hearing April 4, 1908, and statutory notice thereof was given. On said last-named date, the said county court entered a decree authorizing the said guardian to sell the S. E. ¼, S. W. ¼ of 19, and the N. W. ¼, S. W. ¼ of 29, 9 N., 7 E., for cash, "for the purpose of paying the debts of said minor, his education, and the improvements of his homestead allotment."

He advertised said lands for sale, and the same was bid in by one Jayne, who refused to complete the purchase by paying the price, and on August 15, 1908, the county court of Seminole county entered another order reciting the fact that the said land had been offered for sale, and that the said Jayne refused to pay for the land so bid in by him, and then reciting:

"It is therefore hereby ordered and decreed by the court that the guardian again offer for sale said lands and that the sale be made as a postponed sale, and that it be made as a public or private sale, as to said guardian may seem best, for the interests of the said ward, and the property involved."

Thereafter said guardian advertised said lands for sale, and the same were sold to the defendant P. W. Holden for the sum of $288, and the deed of September 24, 1908, executed.

On the trial of the case at bar, the court found that on the 15th day of August, 1908, the county court of Seminole county entered an order of sale based upon the petition filed therein on the 10th day of March, 1908. This finding is not sustained by the record. The record shows that the hearing of petition for sale was set for April 4, 1908, and on that date the court made the order of sale, reciting therein the findings of the court, which on their face purport to comply with the statute. Acting under this order, the guardian advertised said land for sale, and one Jayne bid thereon, but afterwards refused to pay the amount offered, whereupon the order of August 15, 1908, was entered.

Section 6563, Rev. Laws 1910, among other things, provides:

"* * * The court may grant an order therefor (for the sale) specifying therein the causes or reasons why the sale is necessary or beneficial, and may, if the same

has been prayed for in the petition, order such sale to be made, either at public or private sale."

The said order of August 15th, made, as it was, without any notice given to anyone, was nothing other than an instruction to the guardian to again proceed under the original order of the court, made on April 4th. Said order of August 15th does not undertake to specify any alleged finding of the court that the said sale was necessary for the reasons in the petition set forth, and does not purport to set forth any causes or reasons why the said sale was necessary, and in no wise measures up to the elements of a valid order of sale as specified in the above quoted section of that statute. The only order of sale, therefore, is the order entered April 4, 1908.

At the time the petition was filed herein, and the said order of sale entered, the 'ands therein described were such lands as were not subject to alienation, because of restriction placed thereon by the allotment acts passed by Congress.

This is a suit in equity by the plaintiff to cancel certain deeds as clouds upon his title, and to quiet his title. In the petition, plaintiff alleges that he has been and is in possession of the real estate, and this the defendant admits in his answer, and prays possession be given him. The defendant contends that the plaintiff's cause of action has been barred by the statute of limitations, and the trial court so found.

The plaintiffs, in substance, contend that the county court of Seminole county had no jurisdiction to entertain a petition for the sale of the allotted lands of this restricted Indian minor at the time said petition was filed, and that, since the petition in this case was filed prior to the time that the act of May 27, 1908, became effective, and the order entered prior to that time, the said petition was ineffectual to invoke the jurisdiction of the county court to make the order of sale in question, and that consequently the guardian's deed based thereon is void and operated to convey no title to the defendant.

Whether the mere fact that the petition was filed prior to the time that the restriction removal act passed by Congress May 27, 1908, under which the restrictions from certain classes of Indians, including minors, were removed, and the jurisdiction of probate courts of Oklahoma extended over such estates, would render the petition ineffectual to invoke the jurisdiction of the court, if the order of the court, or the at-

tempt to exercise the jurisdiction, had been made after the act of Congress of May 27, 1908, was in full force and effect, is not necessary to decide, and we pass that question because of the conclusion reached hereinafter set out.

To give the court jurisdiction, there must be a valid petition—one which substantially complies with the requirements of the statute, and affirmatively shows, or tends to show, the necessity of sale, for some one of the purposes recited in the statute. In the early case of Fitch v. Miller, 20 Cal. 381, it is said:

"In order to render the sale effectual to confer a valid title, the probate court must have acquired jurisdiction in the case, by the presentation of a proper petition by the guardian."

To obtain the order, the petition must set forth the condition of the estate, the facts and circumstances on which the petition is founded, tending to show the necessity or expediency of the sale, on the ground of sale sought to be made applicable.

The grounds of sale are embraced in three separate sections of the statute.

Section 6542, Rev. Laws 1910, authorizes the sale of the real estate of the minor to pay his debts. If it is sought to sell his real estate under this section, the petition must set forth the facts which if established would warrant the court in entering the order for the purpose of paying the debts, but the debts owed by the minor which are sought to be paid must be such that the law does not prohibit the payment thereof out of the real estate described in the petition.

Section 6553, Rev. Laws 1910, provides for the sale to maintain the ward and his family, or to maintain and educate the ward. If the real estate is sought to be sold for the reasons in this section set forth, the petition must set out the facts, and the circumstances which affirmatively show the needs of the ward, and the consequent necessity for the sale.

Section 6554, Rev. Laws 1910, authorizes a sale for the purpose of investment or improvement of other real estate of the ward. If the minor's property is to be sold for this purpose, the petition must affirmatively show the necessity or advantage which the ward would gain thereby.

If the petition affirmatively shows the necessity for sale under either one of the above grounds of sale of minor's property,

the court acquired jurisdiction, and the order of sale is valid, although the trial court may not have reached the proper or most judicial determination in ordering the sale. If the court, after hearing, enters the order on a petition which sufficiently pleads either one of the statutory grounds for the sale of the minor's property, the order is valid, unless appealed from. The jurisdiction to enter the order depends on a petition in substantial compliance with the provisions of the Probate Code. In re Boland Estate, 55 Cal. 315: Socky v. Winstock; 43 Okla. 758, 144 Pac. 372.

This brings us to an examination of the petition, and its allegations as to its sufficiency to invoke the jurisdiction of the county court, overlooking for the time being the fact that it was filed prior to the time the said land became alienable under the said act of Congress.

The law of this state recognizes the right of guardians, under certain conditions, to sell the lands of their wards. If the particular land is subject to alienation, it may be sold only in the manner and method provided by the statutes of the state. Said section 6553, Rev. Laws 1910, provides, in effect, that when the income of a minor's estate is not sufficient to maintain the ward and his family, or to maintain and educate the ward, the guardian may sell his property, upon obtaining an order therefor. To obtain this order, he must file, under section 6557, Rev. Laws 1910, a verified petition setting forth the condition of the estate, and the facts and circumstances on which the petition is founded, tending to show the necessity or expediency of the sale.

The petition in instant case, or that part of it material herein set out above, pleads that the minor allottee, Tucker Dosar, is undergoing a two-years sentence in the Oklahoma state penitentiary, beginning in January, 1908, or only a few weeks before the petition for the sale of his land was filed. The petition then recites that it is expedient and necessary that the real estate be sold for the payment of his legitimate debts, he being indebted for his attorney fees and expenses of the trial in the sum of $300, and for expenses of education and maintenance, etc.

The allegation that the minor was due $300 for his lawyer fee on account of his trial, held in December, 1907, or January, 1908, cannot confer jurisdiction on the court to order the sale of the land in question, for that the act of Congress (section 2 of

act of May 27, 1908) conferring jurisdiction of such lands on the probate courts of Oklahoma expressly provided (section 4 of act of May 27, 1908) that they should not be subject to any form of personal claim or demand against the allottee existing prior to the removal of restrictions. Roth et al. v. Union Nat. Bank et al., 58 Okla. 604, 160 Pac. 505.

The petition is susceptible of only one interpretation—that the real object and purpose of this proceeding was to get sufficient money to pay the alleged $300 indebtedness. The inventory filed in the case, signed and sworn to by the guardian before the order of sale of April 4, 1908, was entered by the court, affirmatively shows that the land sought to be sold was appraised in the inventory at a valuation of $235. The petition itself alleged the valuation of the real estate at $400.

The allegations of the petition must be consistent, and if it is for the purpose of paying debts, the debts alleged to be due must be such for which the land itself could be alienated. One allegation intended to show the necessity for a sale for maintenance and education is negatived by another allegation which shows that there is no necessity for a sale. It can hardly be said in right reason that the petition tends to show a necessity for a sale of the minor's land for maintenance and education, when immediately preceding this allegation the petition affirmatively shows that the minor has been convicted of a felony, and has been confined in the state penitentiary of the state. The court is compelled to take notice of the fact that under the law of the state of Oklahoma persons confined in the penitentiary of the state are not called upon to pay any expenses for their support, maintenance, and education.

For these reasons, we are driven to the conclusion that had the petition been filed after the restrictions were removed by said act of Congress, and the jurisdiction of such lands conferred by the Congress of the United States upon the probate courts of Oklahoma, these grounds in the petition in the instant case were insufficient to invoke the jurisdiction of the court to support an order of sale. But, however that may be, we have reached the conclusion that the only order of sale in this case was entered by the county court of Seminole county on the 4th day of April, 1908. At that time the land described in the order of sale was the class known as allotted land, the title to which had been vested in the plaintiff by

reason of the acts of Congress and treaties made with the Seminole Tribe of Indians, under which acts of Congress the land was not subject to alienation by the allottee until removal of the restrictions, which was effected by the said act of May 27, 1908.

The petition having been filed and the order entered prior to the time the restrictions were removed, the county court had no jurisdiction to enter the order, and the same was wholly void, for the purposes intended, even had the allegations of the petition been otherwise sufficient to invoke the jurisdiction of the court.

The defendant in error, among other allegations in his answer, pleads the statute of limitations. He neither pleads in his answer, nor sets forth in his brief, what section of the statute of limitations is alleged to apply as a bar to this action. The trial court found that section 4655 and 6583, Revised Laws 1910, barred the action. Those statutes apply to actions brought "to recover real property." The allottee did not arrive at majority until December 1, 1912; this action was begun in February, 1916. If any section of the statute of limitations of this state could be argued as applicable in a case of this character, it is subdivision 6 of section 4657, Rev. Laws 1910, and this statute, if held applicable, would not begin to run in a case of this sort, where the orders and conveyances were absolutely void, until the minor had reached his majority. Bell v. Fitzpatrick, 53 Okla. 574, 157 Pac. 334; Schrimpscher v. Stockton, 183 U. S. 290; Dodson v. Middleton, 38 Okla. 763, 135 Pac. 368; Wray v. Howard, 79 Okla. 223, 192 Pac. 584; Glory v. Bagby, 79 Okla. 155, 188 Pac. 881.

But this is an equitable action to cancel certain conveyances, and to quiet title, the plaintiff pleading that he is in possession of the property, and had been continuously, and the defendant admitting it in his answer. Therefore, the statute of limitations has no application to the case at bar. An action to quiet title, where the plaintiff has been in continuous possession of the property, claiming ownership therein, can be maintained at any time, and no statute of limitation bars his right to the relief sought.

Having reached these conclusions, the judgment of the trial court must be reversed, with instructions to enter a judgment for the plaintiffs granting the prayer of their petition and quieting the title of the plaintiffs to the property in question.

JOHNSON, C. J., and KANE, KENNAMER, NICHOLSON, and MASON, JJ., concur.