**WARNER et al. v. MASON et al.**

No. 15240—Opinion Filed March 10, 1925.

1. **Executors and Administrators — Sale of Notes and Judgments—Compliance with Statutes.**

The executors of the estate of a deceased person have no authority to sell and transfer notes and judgments belonging to the deceased or his estate. They are assets of the estate which can be sold only under and by an order of the probate court having jurisdiction of said estate, and then only after compliance with the requirements of the statute regulating such sale.

2. **Quieting Title—Statutes of Limitation Inapplicable to Plaintiff in Possession.**

An action to quiet title, where the plaintiff has been in continuous possession of the property, claiming ownership therein, can be maintained at any time. and no statute of limitation bars his right to the relief sought.

3. **Same—Removal of Cloud from Title.**

The right to maintain an action to remove a cloud from a title is a continuing one, to which the statute of limitations is not applicable.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Caddo County; Will Linn, Judge.

Action by C. P. Warner and Alcesta Irene Warner against F. W. Mason and W. C. Mason, for a decree in satisfaction of and for the cancellation and annulment of a judgment and to remove a cloud from the title to real estate. From the judgment, plaintiffs appeal. Affirmed in part and reversed in part, with instructions.

Theodore Pruett, for plaintiffs in error.

C. H. Carswell, for defendants in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Caddo county, Okla., by C. P. Warner and Alcesta Irene Warner, plaintiffs in error, plaintiffs below, against F. W. Mason and W. C. Mason, defendants in error, defendants below, for a decree in satisfaction of and for the cancellation and annulment of a judgment held by defendants in error transferred to them by the executors of the last will and testament of W. W. Mason, deceased. Parties will be referred to as plaintiffs and defendants, as they appeared in the lower court.

The petition, among other things, alleged that W. W. Mason departed this life on the 20th day of August, 1907, testate; that his will was probated in the county court of Caddo county; that Thomas Kearse and Charles W. VanEaton were duly appointed coexecutors of his last will and testament; that the devisees mentioned in the will were Levina M. Mason, his widow, Alcesta Irene Warner, one of the plaintiffs herein, W. J. Mason, W. C. Mason, the defendants herein, and F. W. Mason, Milton H. Mason, and Cora D. Sparks, his children; that the will provided that after his debts were paid and $500 was paid to Cora D. Sparks, and certain bequests, which were made to the surviving widow, were satisfied, that the remaining portion of his estate should be divided equally among his children above named; that during his lifetime he had made certain advancements to his children, taking their notes therefor, and that his personal estate consisted entirely of the notes given for such advancements.

The executors brought suit upon these notes and obtained judgment against the plaintiff, Alcesta Irene Warner, for the sum of $604.75; against F. W. Mason for the sum of $935.95; against W. C. Mason for the sum of $1,513.95; against Wesley J. Mason for the sum of $394; and they held a promissory note of Milton H. Mason in the sum of $525 with interest due thereon in the sum of $250, making a total of assets the sum of $4,223.64.

That there were proven and allowed claims against the estate, including the bequest of $500 to Cora D. Sparks, to the amount of $1,175.31, which deducted from the total assets left for distribution equally among the children named the sum of $3,048.83.

That each of the children, under the terms of the will, was entitled to a one-fifth interest in the net assets or a sum of $609.60 each.

That the defendants F. W. Mason and W. C. Mason were indebted to the said estate, as shown by the judgments, in the sum of $2,449.89, which exceeded the amount of their share as residuary legatees the sum of $1,230.69.

That the defendants F. W. Mason and W. C. Mason paid to the executors the sum of $1,175.31, the total amount to pay all expenses, claims, debts, and specific legacies due from the estate, and the executors released of record judgments against F. W. Mason and W. C. Mason, and without any further consideration attempted to assign to the defendants F. W. Mason and W. C. Mason, the judgments held by the estate against these plaintiffs and against the said Wesley J. Mason. They also attempted to sell the

note held by the estate against the said Milton H Mason to the defendants.

That said attempted transfer was without consideration, as the defendants were indebted to the estate, as shown by the judgment, in a sum greater than the amount paid by them to the estate, and that said payment did not fully settle the amount due from them to the estate. That said sale was made without any petition having been filed in the county court and no order was ever issued ordering any such sale of the personal property, and that said sale was never confirmed by proper order of the court. That the said attempted assignment was made on the 25th day of February, 1913, and that the defendants, on the 23rd day of February, 1922, caused a certified copy and transcript of the judgment against the plaintiff and the assignment thereof to be filed in the office of the district court clerk in the county of Caddo, Okla., and the same now appears of record.

That the amount due under the will to the plaintiff, Alcesta Irene Mason, is in excess of the amount of the judgment against her.

That the executors failed to release the judgment against the plaintiffs and that the placing of the transcript of said judgment on the records of the clerk of the district court of Caddo county placed a cloud upon the title to valuable real estate owned by the said plaintiffs in the said county, including their homestead.

That said defendants are not the rightful owners of the judgment and had no right to have two executions issued thereon either in the county court or in the district court on said judgment, and that said judgment is now barred by the statute of limitations and not a lien on the real estate.

Plaintiffs prayed that said judgment should be decreed satisfied, canceled, and annulled, and that the filing of the transcript of the said judgment in the office of the district court clerk be declared and decreed illegal and void, and that said transcript be canceled and removed as a cloud on the title of these plaintiffs to their real estate, and ask for general relief. (A copy of the judgment is attached to the petition as an exhibit).

The defendants answered by way of a general denial and further claim that the court had no jurisdiction over the subject-matter of the action.

That the plaintiffs ought not to maintain this action for the reason that the alleged cause of action did not accrue within the last five years preceding the filing of the petition and the issuance of summons.

That they admit the assets of the estate were substantially as set forth in the plaintiffs' petition.

That all of the makers of the notes were insolvent and unable to pay the indebtedness against said estate.

That the claims against the estate, including the bequest to Cora D. Sparks and the expenses of administration, amounted to the sum of $1,175.31, with no assets to pay the same.

That judgments were obtained upon the notes as set forth in the petition.

That the defendants, by written agreement with the executors of the estate and with full knowledge of the other legatees, paid over to the executors the said sum of $1,175.31 with which to discharge the claims against the estate, and that the executors and defendants entered into a written compromise, which was duly executed and filed in the county court of Caddo county, and approved by the county court, and was assented to by all of the parties in interest. They took over from the executors all of the assets of said estate. which were duly transferred to them by said assignment. A copy of the written agreement was filed with the answer and made a part thereof.

That all of the amount paid in by them was used to pay the claims, expenses, and attorney's fee, and that the final accounting of the executors was filed with the county court; that the report was assented to by all of the heirs and legatees of the estate and was duly approved by the county judge on the 7th day of July, 1913, the executors discharged and the estate closed.

That no part of the judgment and assets assigned to them by the terms of the compromise agreement was ever paid to the defendants, and that they have never been able to collect any amount of the judgments or the assets assigned to them, and that the same are uncollectable and worthless.

That none of the heirs or devisees have ever refunded or paid to the defendants any portion of the sum of $1,175.31 paid by them to the executors of the said estate.

That the judgment referred to in plaintiffs' petition has not been barred by the statute of limitations for the reason that on the 26th day of March, 1917, they caused an execution to be issued thereon which was returned no property found. That on the 18th day of March, 1922, they caused

another execution to be issued and returned no property found, and prayed for judgment for their costs.

Upon these issues the cause proceeded to trial before the court without the intervention of a jury and resulted in a judgment which denied the relief sought by the plaintiffs, except as to the homestead of the plaintiffs.

Motion for new trial was duly heard and overruled, exception reserved, and the cause comes to this court on appeal by the plaintiffs from said judgment.

The attorney for plaintiffs sets out several assignments of error, but contents himself in presenting his argument upon the proposition that: "The judgment of the court in refusing the plaintiffs any relief as to the real estate owned by them other than their homestead was contrary to the evidence and the law."

The evidence discloses that no petition was ever filed by the executors with the county court for the sale of the judgments and the note, which constituted the entire assets of the estate of W. W. Mason, deceased.

The evidence further discloses that no notice was ever issued or served for hearing of the petition to sell or for said sale. Also that it was a private sale and not sold at public auction, as required by statute.

The evidence of the attorney who conducted the sale and drew up the stipulation compromise and settlement between the executors and defendants is to the effect that he testified at the hearing that none of the legatees were present at the time the compromise was effected and that the only heirs or legatees who agreed to the settlement were the ones who signed it. Upon reference to the written agreement of compromise and settlement, we find that none of the heirs or devisees signed the agreement except the defendants F. W. Mason and W. C. Mason, and the other parties to the contract were the two executors whose names were signed to said agreement by A. J. Morris, their attorney.

The sections of the statute applicable to the sale of personal property of a decedent's estate are as follows:

Section 1256, Comp. Stat. 1921, "All the property of a decedent, except as otherwise provided for the homestead and personal property set apart for the surviving wife or husband and minor child or children, shall be chargeable with the payment of the debts of the deceased, the expenses of the administration and the allowance to the family. And the property, personal and real, may be sold as the court may direct, in the manner hereinafter prescribed. There shall be no priority as between personal and real property for the above purposes."

"1257. No sale of any property of an estate of a decedent is valid unless made under order of the county court, except as otherwise hereinafter provided. All sales must be reported under oath and confirmed by the county court, before the title to the property sold passes.

"1258. All petitions for orders of sale must be in writing, setting forth the facts showing the sale to be necessary, and upon the hearing, any person interested in the estate may file his written objections, which must be heard and determined. A failure to set forth the facts showing the sale to be necessary will not invalidate the subsequent proceedings, if the defect be supplied by the proofs at the hearing, and the general facts showing the necessity be stated in the order directing the sale."

"1266. The sale of personal property must be made at public auction, and after public notice given for at least fifteen days by notices posted in three public places in the county, or by publication in a newspaper. or both, containing the time and place of sale, and a brief description of the property to be sold; unless, for good reasons shown, the court or judge orders a private sale, or a shorter notice. Public sales of such property must be made at the court-house door, or at the residence of the decedent, or at some other public place, but no sale shall be made of any personal property which is not present at the time of sale, unless the court or judge otherwise order."

Section 1263, Comp. Stat. 1921, provides that in a case of this character, where claims of the estate have been allowed and a sale of the property is necessary, that the payment thereon or the payment of the expenses of the administrators or of the legatees should be made, and it is as follows:

"If claims against the estate have been allowed and a sale of property is necessary for their payment, or for the payment of the expenses of administration, or of legacies, the executor or administrator may apply for an order to sell so much of the personal property as may be necessary therefor. Upon filing his petition, notice of at least five days must be given of the hearing of the application, either by posting notices or by advertising. He may also make a similar application either in vacation or term, from time to time, so long as any personal property remains in his hands, and sale thereof is necessary. If it appears for the best interest of the estate. he may, at any time after filing the inventories, in like manner,

and after giving like notice, apply for and obtain an order to sell the whole of the personal property belonging to the estate, remaining and not set apart, whether necessary to pay debts or not."

The written agreement or compromise in this case is marked "compromise," entered upon the docket as compromise, presented in the final report as a compromise and approved by the court as a compromise, and nowhere does it show that it was a return of sale of property. One of the provisions of the compromise was that the judgments against F. W. Mason and W. C. Mason, the defendants, be released by the payment of $1,175.31, which amount was less than fifty cents on the dollar of the total amount of the judgments against the defendants. The executors had the right to effect this compromise under the provisions of the statute, section 1204, Comp. Stat. 1921, which provides as follows:

"Whenever a debtor of a decedent is unable to pay all his debts, the executor or administrator, with the approbation of the county judge, may compound with him, and give him a discharge upon receiving a fair and just dividend of his effects. A compromise may also be authorized, when it appears to be just, and for the best interest of the estate."

We are forced to the conclusion that the only power, right, or authority vested in the executors under the plain provisions of the statutes of this state was to effect a compromise and release where the payment of the judgment could not be secured in full and compound with the defendants and give them a discharge upon receiving a fair and just dividend of his effects, and where it appears it is for the best interest of the estate, but nowhere in the statute were they authorized to make the sale of the residue of the assets of this estate without first filing their petition, giving the proper notices, selling the same at public auction, and securing the approval of the county court of said sale. All of these are specific requirements of the statute and any sale made in contravention of the plain provision of the statute is absolutely void. The defendants obtained no title to the unsettled judgments and the note attempted to be assigned by said compromise.

Our own court, in the case of Jones v. Wheeler et al., 23 Okla. 771, 101 Pac. 1112, held:

"The executors of the estate of a deceased person have no authority to sell and transfer notes belonging to the deceased. They are assets of the estate which can be sold

only under and by an order of the probate court having jurisdiction of said estate.'

The only difference between the instant case and the Jones v. Wheeler Case is that in the Jones v. Wheeler Case notes were transferred, while in the instant case judgments and a note were attempted to be transferred; but in both cases the property attempted to be transferred was the personal property belonging to the estate. To the same effect is the case of Bovard v. Dickenson (Cal.) 63 Pac. 162.

It is, however, urged by the attorney for defendants that the statute of limitations had run against the void sale for the reason that the same had not been contested within three years after the consummation of the sale. The attorney cites section 1302, Comp. Stat. 1921, which provides that any heir or other person claiming under the decedent must commence his action within three years next after the sale or within three years from the discovery of the fraud. He also cites the California statute, which is practically the same in effect. He further cites two California opinions holding that the cause of action was barred by three years statute of limitations. He cites: Minehart v. Littlefield, 94 Okla. 249, 222 Pac. 253; Dodson v. Middleton, 38 Okla. 763, 135 Pac. 368; and Sandlin v. Barker, 95 Okla. 113, 218 Pac. 519.

Each of the Oklahoma cases referred to was for the recovery of real estate by minors after reaching the age of their majority of their own land or by a minor heir after reaching his majority to set aside administration sale and deed to real estate.

Upon examination of these cases we do not think they are analogous to the case here. The action in this case is not for the purpose of setting aside the sale of real or personal property, but for the purpose of removing a cloud from the title to real estate belonging independently to the plaintiffs and not for the recovery of any assets that ever belonged to the estate of the decedent. Section 1302, Comp. Stat. 1921, provides in addition to that heretofore quoted that, "the sale may be set aside within three years of the discovery of the fraud or other grounds upon which the action is based." There never was in this case any honest attempt to levy upon the property of these plaintiffs, and while it is true that two executions were sued out by the defendants, yet it is our opinion that they had no authority whatsoever to procure the issuance of these executions, as they were not the legal owners of the judg-

ments claimed by them, which were obtained under the compromise heretofore mentioned in this opinion. But, be that as it may, there never was any record of the assignment of the judgments transferred by transcript from the county court to the office of the court clerk of the district court until the 23rd day of February, 1922, within three years next before the filing of this action and nearly nine years after the same had been filed in the probate proceeding in the county court. This was the first time then that this became a judgment lien in the name of the defendants as assignees of the judgment against the real estate of the plaintiffs.

This court, in the case of Dosar v. Hummell, 89 Okla. 152, 214 Pac. 718, said:

"An action to quiet title, where the plaintiff has been in continuous possession of the property, claiming ownership therein, can be maintained at any time, and no statute of limitation bars his right to the relief sought."

The Supreme Court of Kansas, in the case of Cooper v. Rhea, 107 Pac. 799, said:

"The right to maintain an action to remove a cloud from a title is a continuing one to which the statute of limitations is not applicable."

The judgment, having been obtained by the executors of the estate of W. W. Mason, deceased, against these plaintiffs, stood upon the district court docket as a judgment of the estate, and the executions issued, in our opinion, at the instance of the defendants, were not sufficient to stay the running of the statute of limitations, which provides that where no executions are issued upon a judgment within five years from date of its rendition, said judgment becomes dormant, and it is our opinion that the executions secured to be issued by the defendants, being unauthorized under the record in this case, were in effect no executions.

It is further urged by attorney for defendants that the plaintiffs are estopped by ratification of the agreement for compromise and sale. There is nothing in the evidence in this case that is definite enough to show that the plaintiffs ever ratified said compromise or sale; they were not parties to its execution, and neither of them secured any personal profit or advantage by said settlement. While it is true that a portion of the $500 bequest to Cora D. Sparks was paid to the plaintiff, Alcesta Irene Warner, it was not paid to her personally, but as guardian of a child of one of the devisees, who succeeded to the rights of Cora D. Sparks

upon her death, which occurred prior to the settlement of this estate, yet this act of hers would not work an estoppel or ratification of the settlement.

Upon the whole case, we are of the opinion that the defendants in this case, by their contract or agreement, could only secure the release of themselves from the payment of their own judgments by the compromise agreement, but could not, under the circumstances in this case, without paying any additional consideration, succeed to the interest of the estate in the balance of the assets of said estate to the exclusion of the other devisees who had equal rights in the other personal assets of the estate. It would be unjust to permit the defendants to settle their judgments at less than fifty cents on the dollar and be released of the payment on the balance, which would more than equal their proportionate share of the net assets of the estate under the circumstances disclosed in this case and to hold the judgment over the plaintiffs as a lien against the real estate of the plaintiffs in this case.

Under the statute law of this state, under the decisions referred to, and under the facts, we are of the opinion that the court erred in denying the relief sought by the plaintiffs in having the cloud removed from their title to their real estate, other than their homestead acquired by them independently, and which never had been the property of W. W. Mason, deceased.

We are, therefore, of the opinion that the judgment of the trial court should be and is hereby affirmed as to the homestead, and reversed as to the denial of relief sought for the other real estate owned by the plaintiffs, with instructions to the lower court to remove the cloud from the title of plaintiffs to all of their real estate as prayed for in their petition.

By the Court: It is so ordered.

Notes.—See under (1) 24 C. J. pp. 209, 211; (2) 32 Cyc. p. 1344; (3) 32 Cyc. p. 1344.