## WHITEHEAD v. BUNCH et al.

No. 18689. Opinion Filed Sept. 25, 1928.

Rehearing Denied Dec. 24, 1928.

J. E. Whitehead, for plaintiff in error.

Wilkinson & Wilkinson and Bond & Bond, for defendants in error.

HERR, C. This is an action brought in the district court of Stephens county by A. N. Bunch, James Bunch, and S. N. Bunch, against J. E. Whitehead to cancel a mortgage and quiet title to 100 acres of land located in section 21, twp. 2 south, range 7 west, Stephens county.

The land was purchased from defendant, Whitehead, by A. N. Bunch, and subsequently by him conveyed to the other plaintiffs herein. Prior to such conveyance, however, the said A. N. Bunch executed a third mort-

64

gage thereon in the sum of $170 to defendant, Whitehead. It is contended by plaintiffs that this mortgage was without consideration, and its cancellation is sought in this action. It appears that, after acquiring title from Whitehead, plaintiff A. N. Bunch secured a loan thereon from Dickinson-Reed-Randerson Company in the sum of $1,500, and executed his mortgage to secure the same, at the same time executing a second or commission mortgage to the said company in the sum of $150. On September 13, 1919, the said company brought suit against A. N. Bunch and the other plaintiffs herein to foreclose the second mortgage, and J. E. Whitehead, defendant herein, was made a party defendant to said suit. Defendant, Whitehead, filed his answer and cross-petition in said foreclosure suit, alleging that the deed to said premises was procured by Bunch from him through fraud, and asked that the same be canceled and title thereto reinvested in him, and also prayed for a cancellation of the note and mortgage in controversy herein.

It further appears that on September 14, 1925, and after judgment had been rendered in the foreclosure suit, Bunch paid off and discharged the second note and mortgage held by Dickinson-Reed-Randerson Company, received a release therefor, and the judgment taken by said company was by it satisfied. This judgment was taken on February 25, 1920. At this time defendant, Whitehead, did not appear, and no action was taken by him on his cross-petition until April 23, 1923, at which time, without notice to plaintiff and without any appearance having been made by him, judgment was taken against him by defendant, Whitehead, on his cross-petition, canceling the deed, and reinvesting the title in and to said premises in cross-petitioner. Further judgment was also rendered canceling the note and mortgage in question.

This judgment is pleaded by the defendant, Whitehead, as a defense to this suit. The trial court held the judgment void, found that the note and mortgage in controversy herein were without consideration, and rendered judgment canceling the same, vacating the Whitehead judgment and quieting title in and to the premises in the plaintiffs. Defendant, Whitehead, appeals.

It appears from the face of the judgment, in the instant case, that the trial court held the Whitehead judgment void on the theory that the cross-action set up by him in his cross-complaint in the foreclosure suit was not germane to the original controversy; that the court acted in excess of its jurisdiction in rendering such judgment, and the same was and is therefore absolutely void, and subject to collateral attack.

With this holding we are inclined to agree. That the matters set up in the cross-petition were wholly foreign to the matters set up in the original petition, and therefore not a proper pleading in the case, is settled by the holding of this court in the case of Tracey v. Crepin, 40 Okla. 297, 138 Pac. 142, wherein it is said:

"In an action by a mortgagee to foreclose a mortgage upon real estate, the grantee of the mortgagor under a warranty deed sought by cross-petition to recover damages against the mortgagor (the grantor in the warranty deed) for breaches of the covenants in the warranty deed. Held, that the matter set up in the cross-petition is not involved in a proper determination of the cause of action set up in the original petition, and the trial court committed no error in striking out such cross-petition."

See, also, Parlin & Orendorff v. Gallaway, 95 Ill. App. 60.

It is contended by defendant that, conceding the matters set up in the cross-petition not to have been germane to the original controversy and not a proper pleading, the judgment rendered thereon would still be merely erroneous, not void, and therefore not subject to collateral attack.

It is true, as argued by counsel, that the court had jurisdiction over the person of plaintiff, and had jurisdiction generally over the kind and class of actions set up in the cross-petition, but this would not invest the court with jurisdiction to render a judgment wholly unauthorized in the case. The so-called cross-petition, as applied to that case, was wholly unauthorized by law. The judgment rendered thereon was entirely outside of any issue that could have been legally raised by cross-petition. The plaintiff made no appearance, and the court, therefore, acted in excess of its jurisdiction in granting relief thereunder.

In 33 C. J. 1076, the following rule is announced:

"In addition to jurisdiction of the parties and the subject-matter, it is necessary to the validity of a judgment that the court should have jurisdiction of the question which its judgment assumes to decide, and jurisdiction to render a judgment for the particular remedy or relief which the judgment undertakes to grant."

In the case of Standard Sav. & Loan Ass'n v. Anthony Wholesale Gro. Co., 62 Okla. 242, 162 Pac. 451, this court holds:

"The first fundamental requisite to the validity of a judgment is that it should have been rendered by a court having jurisdiction, for without jurisdiction the courts can do nothing, and a judgment rendered without jurisdiction is a mere nullity. The jurisdiction required is of three sorts: (1) Jurisdiction of the parties; (2) jurisdiction of the general subject-matter; (3) jurisdiction of the particular matter which the judgment professes to decide."

See, also, Jefferson v. Gallagher, 56 Okla. 405, 150 Pac. 1071; Roth v. Union Nat. Bank, 58 Okla. 604, 160 Pac. 505; Sharp v. Sharp, 65 Okla. 76, 160 Pac. 175; Okla. City v. Corporation Com., 80 Okla. 194, 195 Pac. 498; Morgan v. Karcher, 81 Okla. 210, 197 Pac. 433. Carlyle v. Nat. Oil Co., 83 Okla. 217, 201 Pac. 377.

The judgment being void, the court did not err in holding it subject to collateral attack.

It is further contended that plaintiffs' cause of action is barred by the statute of limitation. The evidence discloses that the premises were purchased from defendant by plaintiff A. N. Bunch; that he took immediate possession thereof, and that he and his grantees remained in continuous possession and were in possession at the time the suit was filed. In these circumstances, the action was not barred. Warner v. Mason, 109 Okla. 13, 234 Pac. 747; Dosar v. Hummell, 89 Okla. 152, 214 Pac. 718.

The finding of the trial court that there was no consideration for the execution of the note and mortgage is not challenged. Judgment should be affirmed.

BENNETT, JEFFREY, HALL, and DIFFENDAFFER, Commissioners. concur.

By the Court: It is so ordered.