## MANSFIELD, BRUNSON, KEMP & AHRENS et al. v. KING.

No. 20290. Opinion Filed June 28, 1932.

Withdrawn, Corrected, Refiled, and Rehearing Denied Nov. 22, 1932.

Mansfield, Brunson, Kemp & Ahrens, for plaintiffs in error.

George Trice, D. N. Davison, B. C. King, and W. A. Delaney, Jr., for defendants in error.

HEFNER, J. On the 22nd day of August, 1928, Lucy Harjo, a full-blood Chickasaw Indian, entered into a written contract with Mansfield, Brunson, Kemp & Ahrens whereby she employed them to recover certain land located in Pontotoc county, and in consideration for such service conveyed to them under the contract an undivided one-half interest in the premises. The contract was placed of record September 20, 1928. It was not approved by the county court. The record title to the land was at that time in Edna E. King. On the 25th day of September, 1928, she brought an action in the district court of Pontotoc county to cancel the contract and to quiet title. She joined Lucy Harjo as a party defendant in that action.

Defendants Mansfield, Brunson, Kemp & Ahrens filed their separate answer, in which

they admitted the execution of the contract, and further pleaded that the contract was entered into in good faith; that they were employed by defendant to file an action in the United States Court to recover the land, and that they intended to do so and would have done so had it not been for the filing of this suit. Thereafter, and in response to a motion to make more definite and certain, plaintiff amended her petition. Defendants Mansfield, Brunson, Kemp & Ahrens failed to plead to the amended petition and apparently abandoned their contract.

Defendant Lucy Harjo filed her separate answer and cross-petition to plaintiff's amended petition, wherein she alleged that plaintiff procured title to the land through fraud, and prayed that title be quieted in her. She alleged that she was a full-blood Chickasaw Indian; that she acquired title to the premises by inheritance from her sons, who were also full-blood Chickasaws; that she had information through various sources that certain persons were claiming the land and she was not advised and did not know the nature of their claims. She alleges that, in November, 1913, R. P. Ford and B. C. King, who was a lawyer and plaintiff's husband, entered into a conspiracy to cheat and defraud her out of the land; that upon solicitation of Ford she employed King as her attorney to bring suit to quiet title to the premises; that she at that time executed to King an instrument which she understood to be a lease, but which in truth and fact was an instrument conveying to him, for his services, an undivided one-half interest in the land; King went into possession of the premises under the instrument and collected the rents; he performed no services for her; he brought no suit to quiet title; the United States government, at the time she employed King and executed the instrument to him, was prosecuting numerous claims for various members of the Five Civilized Tribes for the purpose of recovering land which had been conveyed by them in violation of law; King had knowledge of the pendency of these suits and failed to advise her thereof; she had no knowledge of the pendency thereof, and that King and Ford entered into a conspiracy to conceal this fact from her, and upon the determination of these suits in favor of the government, King advised her that he had succeeded in clearing the title to the land and demanded a one-half interest therein as his fee. He also offered her $2,500 for the other one-half, which offer she accepted, and executed a deed to King conveying the land to him. King thereafter conveyed the land to his wife, plaintiff herein. She alleges that $2,500 was an inadequate consideration for a one-half interest in the land, which fact was known to King and not to her; that owing to the confidential relations existing between her and King, she relied upon his advice and statement as to the value of the land; that the actual value of a one-half interest in the land at that time was $4,400; she did not discover the falsity of these representations until six or eight months prior to the filing of her cross-petition.

Plaintiff demurred to the cross-petition on the ground that it did not state a cause of action, and on the further ground that the cause of action sought to be pleaded therein was barred by limitation. The trial court sustained the demurrer. Defendant declined to further plead and judgment was then entered in favor of plaintiff quieting title in her, canceling the contract as a cloud upon her title, and entering further judgment forever barring and enjoining defendants from claiming or asserting any right or title to the land.

It appears from the briefs of counsel that the demurrer to the cross-petition was sustained on the ground that the cause of action therein pleaded was barred by limitation. It is the contention of defendant that the statute did not run against her because she is a full-blood Indian and acquired title to the land by inheritance from full-blood Indians. On this question it is sufficient to say that the Act of Congress of April 12, 1926, put in force the statute of limitations of the state against full-blood Indians, reserving, however, to them two years' time in which to prosecute existing causes of action. The act became effective April 12, 1926. The action was not commenced until September 25, 1928. This disposes of the question that the statute is not applicable to defendant.

Defendant further urges that, if the statute can be invoked as against her, the 15-year statute should be applied; while plaintiff contends that the two-year statute applies. In our opinion plaintiff's contention is correct. The action pleaded in the cross-petition is not one primarily for the recovery of real estate, but is an action to cancel and set aside a deed procured by fraud.

In the case of Warner v. Coleman, 107 Okla. 292, 231 P. 1053, this court said:

"Subdivision 3 of section 4659, Rev. Laws 1910, which in effect provides that civil actions other than for the recovery of real

property can only be maintained when brought within two years after discovery of fraud, is the applicable limitation statute where equitable remedy such as rescission is pursued to reinvest title in complainant conveyed by deed, where the right to rescind is based on allegations of fraud in the procurement of the deed."

The case of Tomlin v. Roberts, 126 Okla. 165, 258 P. 1041, followed the rule announced in the Warner-Coleman Case, and there said:

"Under our statutes, an action for the recovery of land based upon the cancellation of a deed procured by fraud, and for recovery of possession, may be brought in the same cause, but the deed must first be canceled, and when the deed is canceled judgment for possession of the property follows as a necessary incident. In such cases the two-year statute of limitations is applicable. * * *

"The decisions of our court have not been harmonious as to what statute of limitations should apply in cases of this character. * * * Notwithstanding the conflict in the decisions of this court before the Warner-Coleman Case was written, there can be no doubt as to what the law is since it was written, and all former cases in conflict therewith are hereby overruled."

These cases definitely establish the rule in this state that in actions for the recovery of land based upon the cancellation of a deed procured by fraud, the two-year statute of limitation is applicable.

Defendant further contends that the court erred in sustaining the demurrer for the reason that she alleges in her cross-petition that she did not discover the fraud until about six or eight months prior to the filing of her cross-petition; that she had two years under the statute after discovering the fraud within which to bring an action. We think this contention, in part, correct. Defendant alleges in her cross-petition that a one-half undivided interest in the land was conveyed to plaintiff in consideration for legal services supposed to have been rendered, and that the other one-half was conveyed to King through purchase in consideration of the sum of $2,500. We think the allegations of the petition are insufficient to toll the statute as to the interest in the land acquired by King through purchase. The deed was executed in 1915. The only allegation of fraud in connection with this transaction is that the consideration was inadequate; that King was her attorney and he advised her that $2,500 was a fair price for the land, and that, because of the confidence reposed in him, she relied upon such advice;

that she just recently discovered that a one-half interest in the land at that time was worth $4,400. There is no concealment of facts alleged. There is no allegation that any other fraud was practiced upon her at the time she executed the deed. Thirteen years have expired between the execution of the deed and the filing of the cross-petition. The action as to this transaction is therefore barred.

A different question is presented, however, as to the one-half interest acquired by King under his contract for legal services. Fraud and concealment as to the facts connected with this transaction are sufficiently pleaded, and it is also pleaded that the facts relative to this transaction were not discovered until within six or eight months prior to the filing of the cross-petition. For the purposes of the demurrer, these facts are admitted. The petition states facts which, if true, are sufficient to constitute a cause of action to set aside the deed as to the one-half interest acquired under the contract. The demurrer was therefore improperly sustained.

Plaintiff contends that the demurrer was properly sustained for the reason that defendant, by the exercise of ordinary diligence, could have discovered the fraud, if any, long prior to the time the suit was filed. Under the statute a cause of action founded upon fraud may be brought at any time within two years after fraud was or should have been discovered. As to when fraud was discovered, or by the exercise of reasonable diligence should have been discovered, is ordinarily a question of fact to be determined by the court or jury trying the case. In the case of Illinois Oil Co. v. Pender, 137 Okla. 82, 277 P. 1026, it is said:

"The question as to when fraud is discovered, or could, with reasonable diligence, have been discovered, under the third subdivision of section 185, Comp. Stat. 1921, is one of fact, to be determined from the relation of the parties, the nature of the acts involved, and all the facts and circumstances of the particular case."

If upon trial it should develop that the alleged fraud was discovered or could, with reasonable diligence, have been discovered more than two years prior to the filing of the suit, defendant's action would be barred. This question is one of fact and must be determined as any other fact in the case.

Defendant also contends that the statute cannot be pleaded by plaintiff because of the trust relation existing between the parties. We think the trust theory cannot be applied to the transaction here involved.

Defendant further urges that the statute cannot be invoked against her for the reason that her cross-petition constitutes a counterclaim, and as such is not barred until plaintiff's claim is barred, and in support thereof relies on section 274, C. O. S. 1921. This contention cannot be sustained, for the reason that the cross-petition does not constitute a counterclaim within the meaning of the statute. Defendant also cites the case of Clark v. Duncanson, 79 Okla. 180, 192 P. 806. This case is distinguished by this court in the case of Stolfa v. Gaines, 140 Okla. 292, 283 P. 563. Speaking on the question here involved, the court said:

"Defendant's contention herein conflicts with another rule, well established in this and other states, to the effect that the right of the owner of real estate in possession thereof to maintain a suit to quiet title thereto is never barred, but continues as long as the cloud remains on the title. Whitehead v. Bunch, 134 Okla. 63, 272 P. 878; Warner v. Mason, 109 Okla. 13, 234 P. 746; Cooper v. Rhea (Kan.) 107 P. 799, 29 L. R. A. (N. S) 930, and note thereto; and Knight v. Alexander (Minn.) 37 N. W. 796. Section 274, Id., contemplates rights that may be barred by the statutes of limitation and was never intended to apply to rights that will never be barred."

Defendant, in her cross-petition, alleges that King went into possession of the premises under his deed from her in 1915. That he immediately thereafter conveyed to plaintiff. No question as to her title was raised until the filing of the contract in question. This contract prompted the action. The rule contended for by defendant, under the authority of Stolfa v. Gaines, supra, does not apply.

Plaintiff urges that the demurrer was properly sustained for the reason that the matter pleaded in the cross-petition is not germane to the cause of action. That her action only pleads a cause of action against defendants Mansfield, Brunson, Kemp & Ahrens to cancel their contract as a cloud upon her title. That the contract is void for the reason that it was not approved by the county court. That defendant Lucy Harjo cannot, therefore, by cross-petition, quiet title in the land as against her for the reason that the cause of action therein pleaded has no connection whatever with, nor does it grow out of, the instrument sought to be canceled by her. Plaintiff, however, overlooks the fact that she made Lucy Harjo a party defendant and sought to quiet title as against her. She therefore had the right by way of cross-petition to plead her title and claim and seek to have the same quieted.

It follows from what has been said that the judgment must be affirmed in so far as it canceled the contract in question and removed the same as a cloud upon plaintiff's title; and must be reversed because of the error of the court in sustaining the demurrer to the cross-petition of defendant Lucy Harjo. The judgment is reversed and the cause remanded, with directions to overrule the demurrer and for further proceedings not inconsistent with the views herein expressed.

CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.