## BRUCE et al. v. EXCHANGE ROYALTY CO.

No. 26978.   Sept. 8, 1936.

J. P. Wishard, for plaintiffs in error.

Allan Falkenstine, Ted Fisher, W. E. Green, and J. C. Farmer, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Blaine county. The parties occupy the same position in this court as they did in the trial court, and will be referred to as plaintiffs and defendant. The action was instituted by the plaintiffs on June 5, 1931. In their petition the plaintiffs alleged in substance that they were husband and wife, and that they were the owners of and in the actual and peaceful possession of a certain 120 acres of land located in Blaine county, and had been such at all times therein mentioned; that on May 14, 1929, they had executed and delivered to the defendant a mineral or royalty deed to the minerals underlying said land; that said deed had been procured from them by virtue of certain fraudulent acts and representations on the part of the defendant. Wherefore, the plaintiffs prayed for a cancellation of said instrument and the quieting of their title in said premises. Defendant demurred to this petition. After argument had upon the demurrer the trial court was of the opinion that plaintiff's action was one for relief on the ground of fraud, and therefore barred by reason of the provisions of subdivision 3 of section 101, O. S. 1931, and sustained the demurrer of the defendant. The plaintiffs elected to stand upon their petition, and thereupon the action was dismissed. The parties agree that the sole question formulated for our determination is whether the action was one to quiet title and within the provisions of section 591, O. S. 1931, or an action for relief on the ground of fraud and as such limited by the provisions of subdivision 3 of section 101, O. S. 1931.

It is the contention of the plaintiffs that

since their petition alleged that they were in the continuous possession of the premises prior to and subsequent to the execution of the mineral deed to the defendant, their action should be construed to be one to quiet title brought by parties in possession, and hence not subject to the limitations provided in subdivision 3, section 101, O. S. 1931. In support of this contention we are cited to Dosar v. Hummell, 89 Okla. 152, 214 P. 718; Warner v. Mason, 109 Okla. 13, 234 P. 747; Whitehead v. Bunch, 134 Okla. 63, 272 P. 878; Mansfield, Brunson, Kemp & Ahrens v. King, 160 Okla. 243, 16 P. (2d) 87; section 591, O. S. 1931, and a number of decisions from other jurisdictions.

The decisions cited are authority for the rule that where the action is one to quiet title, and the plaintiff has been in continuous possession of the property claiming ownership, that the action can be maintained at any time and no statute of limitations bars the right to the relief sought. This rule, however, is not applicable to the present situation. The record shows that the plaintiffs executed a mineral deed May 14, 1929; that they brought an action to cancel it on June 5, 1931; that grounds for relief were based on alleged fraud in the procurement of the deed. This, in our opinion, squarely brings the action within the provisions of subdivision 3 of section 101, O. S. 1931.

In the case of Warner v. Coleman, 107 Okla. 292, 231 P. 1053, we said:

"Subdivision 3 of section 4657, Rev. Laws 1910, which in effect provides that civil actions other than for the recovery of real property can only be maintained when brought within two years after discovery of fraud, is the applicable limitation statute where equitable remedy such as rescission is pursued to reinvest title in complainant conveyed by deed where the right to rescind is based on allegations of fraud in the procurement of the deed."

See, also, Tomlin v. Roberts, 126 Okla. 165, 258 P. 1041; Mansfield, Brunson, Kemp & Ahrens v. King. 160 Okla. 243, 16 P. (2d) 87.

No error being presented and the judgment being in all things correct, such judgment will be affirmed.

McNEILL, C. J., and RILEY, WELCH, CORN, and GIBSON, JJ., concur.