EASLEY et al. v. ASHTON et al.

No. 33702.   Oct. 5, 1949.

Rehearing Denied June 13, 1950.

*219 P. 2d 199.*

L. Dee Talent, of Arlington, Cal., and Gore & Gore, of Altus, for plaintiffs in error.

Robinson & Oden, of Altus, for defendants in error.

HALLEY, J.  In October, November, and December of 1930, Roy Ashton purchased mineral deeds covering one-half of the mineral rights in seven tracts of land in Jackson county, Oklahoma: one tract from W. S. West, being the W/2 sec. 35-1S-33W; one from N. E. Braker, a widow, being the SE/4, the E/2 SW/4, and the SE/4 NW/4 of sec. 30-1S-22; one from George W. Braker and Julia E. Braker, being the SE/4 sec. 27-1S-23W; one from Mrs. Thomas E. Holliday, a widow, and Estlee Edith Wilder, nee Holliday, and L. M. Wilder, her husband, being the NW/4 sec. 25-1S-23W; one from Frank M. Easley and Kate Easley, the SE/4 sec. 35-1S-23W; one from J. H. Brock, the E/2 SE/4 sec. 34-1S-23W; and from F. M. Easley and M. C. Easley, the NE/4 of sec. 35 and the SE/4 of sec. 36, twp. 1S., R. 23W; lots 3 & 4 and the E/2 SW/4, otherwise the SW/4 sec. 31-1S-22W; and lots 3, 4, 5 & 6 of sec. 6-2S-22W.  All of these mineral deeds were filed for record in the county clerk's office of Jackson county in the year 1930, except the deed from Mrs. Thomas E. Holliday and her daughter and son-in-law, which was not filed for record until November 14, 1934.  Before this suit was filed and after the filing of Ashton's mineral deeds, Frank M. Easley acquired by will from his father's estate the E/2 SW/4 NE/4 of sec. 35-1S-23W, and by purchase the E/2 of SW/4 of sec. 34-1S-23W.  It was stipulated that Frank M. Easley still owned

the SE/4 of sec. 31-1S-23W and that G. W. Braker still owned the SE/4 of sec. 27-1S-23W, at the time the suit was filed. The SE/4 of sec. 36-1S-23W, formerly owner by F. M. Easley, and one-half of the minerals deeded to Ashton, were not included in this lawsuit.

Custer Freeman purchased the W/2 sec. 35-1S-23W in January of 1935, after the deed to one-half the minerals to Ashton had been placed of record, and Ina Braker took by will from her father the NW/4 NE/4 sec. 35-1S-23W, and C. L. Braker acquired by purchase the NW/4 sec. 25-1S-23W in 1935. It was stipulated that the mineral deed to Roy Ashton covering the NW/4 sec. 25-1S-23W was executed prior to the deed to C. L. Braker, but that the deed to Ashton was not filed for record until after the deed to Braker had been recorded, and that there was no exception in the deed made to Braker as to the mineral interest deeded to Ashton, but C. L. Braker testified that he knew about the execution of the deed by the Hollidays, the then owners, to Roy Ashton before he acquired his deed to the land. It was stipulated that the other two plaintiffs, A. W. Miller and Gordon Easley, bought their land after the mineral deeds were of record. Johnnie Ashton acquired a half of Roy Ashton's interest in a divorce proceeding. The trial court entered judgment for the plaintiffs Frank M. Easley and G. W. Braker as to the land that they owned at the time of the execution of the mineral deeds, and quieted the title to that land as against the Ashtons, as to those particular tracts, but held that the plaintiffs would be denied any relief under their petition as to the remainder of the land, which had been acquired by the plaintiffs either by purchase or by will.

Six of the plaintiffs appealed from the action of the court in refusing to grant judgment quieting their title to the tracts of land acquired by purchase and by will after the filing of or notice of the mineral deeds to the Ashtons, and the Ashtons appealed from the action of the trial court in granting the plaintiffs Frank M. Easley and G. W. Braker title to the tracts of land they held at the time the deeds were made, and of which they were still the owners.

The plaintiffs claimed in their petition that the mineral deeds were acquired from them and from their predecessors in title by fraud and without consideration. This was denied by defendants, and the defendants plead the statute of limitations. However, in their brief, plaintiffs state that their action to quiet title was not based upon fraud.

There was only one tract of land on which any evidence was offered on the question of fraud, and that was the mineral deed from Frank M. Easley; and in our opinion there was not sufficient evidence to show fraud on the part of Roy Ashton or his agents to justify the court in quieting title in Frank M. Easley. But even if there had been fraud as to this mineral deed, the record discloses that the grantor in this deed was cognizant of the alleged fraud within two weeks after the execution of the mineral deed, on October 31, 1930. This action was filed on April 30, 1946. The defendants did not plead, specifically, the two-year statute of limitations for fraud or the 15-year statute for the recovery of real property, but no motion was made upon them by the plaintiffs to require defendants to designate upon which particular provision of the statute of limitations they were replying. It is immaterial in this case, because both the two-year and the 15-year statutes have run, but according to our decisions in Warner v. Coleman, 107 Okla. 292, 231 P. 1053; Tomlin v. Roberts, 126 Okla. 165, 258 P. 1041; and Bruce v. Exchange Royalty Co., 177 Okla. 419, 60 P. 2d 748, the two-year statute is definitely applicable. The title of plaintiffs could not be quieted until the deed to Ashton was canceled, and to its cancellation because of fraud the two-year statute was a bar. We realize the plaintiffs have at all times tried to avoid

the applicability of the statute of limitations by saying that this was not action based on fraud and was not for the recovery of real property. The fact remains, however, that the deed to Roy Ashton is regular in all respects, and the plaintiff Easley was not entitled to have his title quieted as long as it remained uncanceled.

This transaction involved the purchase of both an oil and gas lease and one-half of the minerals. There were two instruments executed, and $1 an acre was paid to the grantor. The plaintiffs claim that there was lack of consideration for these deeds. The plaintiffs' allegations as to lack of consideration are unsubstantiated by the evidence. It is a matter of common knowledge that the value of mineral rights varies considerably throughout the State of Oklahoma, and that if there is not some development for oil and gas, in many instances, mineral rights will be of little value. Many oil and gas leases are given for no consideration in the hope that a well may be drilled. No evidence was offered to show that in the year 1930 there was any development for oil and gas in Jackson county or that this particular land at that time was anything other than "wildcat" territory. Not one person testified for the plaintiffs what the reasonable fair cash market value of the oil and gas lease and of a deed to one-half of the mineral rights was in 1930. There was nothing about this transaction which would shock the conscience, and plaintiffs certainly were not entitled to recover on the grounds of lack of consideration. Morton et al. v. Roberts et al., 88 Okla. 263, 213 P. 297.

In our opinion there was no fraud or lack of consideration proved in this case.

The judgment of the trial court, insofar as it quiets title in Frank M. Easley and G. W. Braker, is reversed; and its action in denying any relief to the plaintiffs as to the balance of the land involved in this action is affirmed.

CORN, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.

GIBSON, J., concurs except as to plaintiff Frank M. Easley. He thinks that the judgment should be affirmed as to the 160 acres owned by Easley at the time of the execution of the mineral deed.

Rehearing Denied June 13, 1950.